IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHANNON TECOKO MAYS,

    Petitioner,

    v.

WARDEN DONALD HUDSON,

    Respondent

Case No. 22-3142-JWL

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody, challenges the calculation of his sentence and seeks credit for the time he spent in home confinement from April 17, 2014, to January 7, 2015. For the reasons that follow, the court denies relief.

### Factual Background

On February 5, 2014, petitioner was indicted by a grand jury in the Eastern District of Texas on one count of conspiracy to commit wire fraud. Doc. 4, declaration of Heather Gandy, par. 5, Ex. B. He was arrested on February 11, 2014, and remained in federal custody until February 13, 2014, when he was released on pretrial bond. *Id.*, par. 6, Ex. C.

On March 28, 2014, a bench warrant was issued after petitioner failed to appear for a motion hearing. *Id.*, par. 7, Ex. D. He was arrested on April 1, 2014, and remained in federal custody until April 16, 2014, when he again was released on pretrial bond. Id., par. 8, Exs. C and E.

Petitioner remained on pretrial bond, and subject to home confinement, from April 17, 2014, until January 7, 2015.

On January 8, 2015, petitioner failed to appear for a pretrial hearing. A warrant was issued, and petitioner's pretrial bond was revoked. *Id*., par. 9, Ex. F.

On February 4, 2015, a federal grand jury indicted petitioner on a charge of failure to appear after pretrial release. *Id*., par. 10, Ex. G. He was arrested on June 29, 2017, and remained in federal custody for the rest of the criminal proceedings. *Id*., par. 11, Ex. C.

On June 19, 2018, petitioner was sentenced to a term of 162 months for conspiracy to commit wire fraud. *Id*., par. 12, Ex. H. On the same day, he was sentenced to a consecutive term of 18 months for failure to appear after pretrial release. *Id*., par. 13, Ex. I.

Petitioner's aggregate sentence of 180 months began on June 19, 2018, the day it was imposed. He was awarded 374 days of prior custody credit for the following periods: (1) February 11, 2014, through February 13, 2014; (2) April 1, 2014, through April 16, 2014; and (3) June 29, 2017, through June 18, 2018. *Id.*, par. 15, Ex. J. He was not given credit for the time in home confinement on pretrial bond.

## Discussion

To obtain federal habeas corpus relief, a prisoner must demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A petition brought under § 2241 challenges "the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a shortened period of confinement." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997). *See also Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019)(a petition under § 2241 "[is] used to attack the execution of a sentence....")

2

Petitioner's eligibility for credit for pretrial custody is governed by 18 U.S.C. § 3585(b), which states:

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> **(1)** as a result of the offense for which the sentence was imposed; or
> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C.A. § 3585.

Under 18 U.S.C. § 3585(b), credit for prior custody is awarded for any time a defendant "spent in official detention *prior* to the date his federal sentence commences if the detention resulted from the same offense of conviction or from another charge for which the defendant was arrested after commission of the offense of conviction *and* if that time has not been credited against another sentence." *Weekes v. Fleming*, 301 F.3d 1175, 1178 (10th Cir. 2002).

Petitioner contends he is entitled to sentence credit for time in home confinement, stating that he "had to account for his presence multiple times a day, he was subject to random breath and urine tests, his access to visitors was limited" and only left his residence for medical appointments. (Doc. 1, p 10.)

The Tenth Circuit has squarely rejected the scope of "official detention" advanced by petitioner, stating, "For the purpose of calculating credit for time served under 18 U.S.C. § 3585, 'official detention' means imprisonment in a place of confinement, not stipulations or conditions imposed upon a person not subject to full physical incarceration." *United States v. Woods*, 888 F.2d 653, 655 (10th Cir. 1989).

3

In 1995, the United States Supreme Court defined "official detention" to mean detention that is in a penal or correctional facility and subject to the control of the Bureau of Prisons. *Reno v. Koray*, 515 U.S. 50, 57-58 (1995).

Since then, relying on *Koray*, the federal courts have consistently rejected claims by federal prisoners seeking sentence credit for home confinement. *See, e.g., Brown v. Warden Fort Dix FCI*, 789 Fed. Appx. 291 (3d Cir. 2020)(affirming the denial of relief under § 2241 where petitioner sought sentence credit for home confinement); *Cook v. Wilson*, 2020 WL 4284583, at *3 (N.D. Tex. Jul. 24, 2020)(petitioner was not entitled to sentence credit for home confinement "no matter how restrictive the conditions"); *Purcell v. Joseph*, 2022 WL 958388 (N.D. Fla. Feb. 23, 2022)(petitioner was not entitled to credit for time spent released on bond to home confinement).

Under *Koray* and subsequent case law, it is clear that petitioner is not entitled to the sentence credit for time spent in home confinement.

THE COURT THEREFORE ORDERS that the petition for habeas corpus is dismissed and all relief is denied.

IT IS SO ORDERED.

Dated: September 19, 2022            /s/  John W. Lungstrum
                                     JOHN W. LUNGSTRUM
                                     UNITED STATES DISTRICT JUDGE